762 A.2d 305 (2000)
335 N.J. Super. 319
Bernice LOBEL, Plaintiff-Respondent,
v.
TRUMP PLAZA HOTEL AND CASINO, and Harvey's Deli, Defendants-Appellants.
Superior Court of New Jersey, Appellate Division.
Argued October 18, 2000.
Decided December 5, 2000.
*306 Gerard W. Quinn, Atlantic City, argued the cause for appellant (Cooper, Perskie, April, Niedelman, Wagenheim & Levenson, attorneys; Mr. Quinn, on the brief).
James F. Crawford argued the cause for respondent (Mr. Crawford, on the brief).
Before Judges KEEFE, EICHEN and STEINBERG.
The opinion of the court was delivered by KEEFE, J.A.D.
This appeal requires an interpretation of the Offer of Judgment rule. R. 4:58-1 to -4. Specifically, we are asked to interpret the provisions of Rule 4:58-3, and the consequences of non-acceptance of an offer made by a party who is not a claimant.
Plaintiff, Bernice Lobel, instituted suit against defendants, Trump Plaza Hotel and Casino (Trump) and Harvey's Deli, for personal injuries allegedly caused by the negligence of a waiter who spilled hot coffee on her while she was in Harvey's Deli. Harvey's Deli is located within Trump's casino. The complaint was filed on October 20, 1997. Trump answered on behalf of itself and Harvey's Deli on December 5, 1997.[1]
On December 23, 1998, Trump offered to allow judgment to be taken against it in the amount of $6,000. Plaintiff did not accept the offer. The case was thereafter tried to a jury. The jury returned a verdict in favor of plaintiff in the amount of $750. The total judgment entered in favor of plaintiff against Trump was in the amount of $1,027.07. The judgment included the jury verdict of $750, prejudgment interest of $72.99, and taxed costs in the amount of $204.08.
Trump filed a motion for fees and costs pursuant to Rule 4:58-3. The trial judge denied the motion. In a letter opinion dated August 20, 1999, Judge Higbee held that the phrase "the amount awarded to the claimant" as used in the rule meant the jury verdict award, and because the jury verdict was $750, Trump was not entitled to costs and fees. An order was entered denying Trump's motion from which Trump now appeals.
On appeal, Trump contends that Judge Higbee erred in her interpretation of the rule. It contends that "the amount awarded" must include prejudgment interest and taxed costs, because to do so would foster settlement, the underlying purpose of the rule, and avoid the "paradox" that the Supreme Court identified in Schettino v. Roizman Development, 158 N.J. 476, 488, 730 A.2d 797 (1999). Plaintiff, on the other hand, contends that Trump's argument fails to appreciate the distinction between an "award," which she maintains is the equivalent of a jury verdict, and a "judgment," which includes the jury verdict, plus interest, and taxed costs.
It is helpful to compare the grammatical structure of relevant sections of the Offer of Judgment rule as they existed in 1999, when the subject motion was decided. Rule 4:58-2, which addresses the consequences of the non-acceptance of a claimant's offer to take judgment in the claimant's favor, read in full:
If the offer of a claimant is not accepted and the claimant obtains a verdict or determination at least as favorable as the rejected offer, the claimant shall be allowed, in addition to costs of suit, (a) all reasonable litigation expenses incurred following non-acceptance; (b) eight per cent interest on the amount of any money recovery from the date of the offer or the date of completion of discovery, whichever is later; and (c) a reasonable attorney's fee, which shall belong to the client, for such subsequent services as are compelled by the non-acceptance. In an action for unliquidated damages, *307 however, no allowances under this rule shall be granted to the offeror unless the amount of the recovery is in excess of 120% of the offer. A claimant entitled to interest under R. 4:42-11(b) shall be allowed interest under this rule only to the extent it may exceed the interest allowed under R. 4:42-11(b).

[(emphasis added).]
Rule 4:58-3 provided:
If the offer of a party other than the claimant is not accepted and the determination is at least as favorable to the offeror as the offer, the offeror shall be allowed, in addition to costs of suit, litigation expenses and attorney's fee as prescribed by R. 4:58-2, and any such allowances shall constitute a prior charge upon the judgment. In an action for unliquidated damages, however, no allowances under this rule shall be granted to such offeror unless the amount awarded to the claimant is in excess of $750.00 and is less than 80 per cent of the offer.

[(emphasis added).]
The word "judgment" has a very definite meaning in the context of the Rules Governing Civil Practice. R. 4:1 to 4:101. Rules 4:42-1 to -11, make it clear that a "judgment" includes, the verdict of the court or jury, the taxed costs, including counsel fees if permitted, and prejudgment interest if appropriate. Further, Rule 4:47 makes it clear that the "judgment" is the final decretal act of the court, while the "verdict" is not. However, the word judgment is used only once in the Offer of Judgment rule, and that is in Rule 4:58-3. There, the word is used in the context of defining the fund available to an offeror for the satisfaction of an award made in the offeror's favor as a consequence of the claimant's failure to accept an offer. That is, a successful offeror under Rule 4:58-3 is given a lien against the largest available source of funds resulting from the litigation, i.e., the damage verdict, taxed costs, and prejudgment interest. In all other respects, however, the Offer of Judgment rule used the words "verdict," "determination," "recovery," or "awarded" to describe the threshold number or starting point for deciding whether an offeror is entitled to fees and costs under the rule. The word "verdict" has an unmistakable connotation. In the context of an unliquidated damages case, "verdict" means the jury's assessment of the value of plaintiff's claim expressed in dollar terms. The verdict does not include prejudgment interest or taxed costs. Those items are added to the verdict by the judge and clerk in order to arrive at the judgment that is entered. See, e.g., R. 4:42-8 and -11. In Rule 4:58-2, the words "verdict," "determination," and "recovery" are used in the same context and must receive the same interpretation. There is no reason to interpret the same or similar words differently when they are used in Rule 4:58-3. Accordingly, grammatical construction of the offer of judgment rules as they existed in 1999 support the trial judge's interpretation.
Trump's attempt to find support for its interpretation in the Supreme Court's discussion of Rule 4:58-3 in Schettino, supra, is unavailing. 158 N.J. at 484-89, 730 A.2d 797. In Schettino, the Court's primary focus was on the impact of the Offer of Judgment rule where there are multiple defendants, and only one of the defendants offers to take judgment against itself for its pro rata share of the verdict. Id. at 478, 730 A.2d 797. Because the provisions of Rule 4:58-3 did not clearly address that issue, the Court recommended the Civil Practice Committee to address it. Id. at 489, 730 A.2d 797. However, in light of the fact that the trial judge entered a summary judgment against the claimant in that case, the Court also observed:
Yet another issue concerns the prohibition under Rule 4:58-3 of awarding counsel fees against a plaintiff who does not recover a judgment of at least $750. The prohibition is paradoxical. A plaintiff who fails to recover anything is not subject to such an award, but one who *308 recovers more than $750 may be obligated to pay counsel fees.

[Id. at 488-89, 730 A.2d 797].
The best that can be said for Trump's argument in light of the Court's statement is that the words "judgment," "recover," or "recovers" were used interchangeably by the Court. We decline to ascribe significance to that grammatical construction. The Court simply was not focusing on the precise problem before us, i.e., whether the word "awarded" as used in the rule encompasses prejudgment interest and taxed costs as well as the verdict. Rather, the paradox the Court was concerned about was the fact that a claimant could obtain a no cause for action and not be liable for costs and fees, while a claimant who is marginally successful may be held responsible. It was not concerned about the threshold limit of the marginal recovery that exempts a plaintiff from the sanctions in the rule.
When the Civil Practice Committee reviewed the rule at the request of the Court it recommended, "that the basic scheme should remain unchanged[.]" Pressler, Current N.J. Court Rules, comment on R. 4:58-1 to -4 (2000). The Court accepted the Civil Practice Committee's recommendation. Ibid. The rule was not modified, except to add § 4 dealing with cases in which there are multiple defendants. Interestingly, the added section uses language evidencing the Civil Practice Committee's intent to focus on the jury verdict or trial court award of damages, rather than the judgment that is entered after the verdict is received. The pertinent portion of the new section is as follows:
If, however, the offer of a single defendant, whether or not intended as the offer of a pro rated share, is at least as favorable to the offeree as the determination of total damages to which the offeree is entitled, the single offering defendant shall be entitled to the allowances prescribed in R. 4:58-3, provided, however, that in an action for unliquidated damages the offeree has received at least $750 and that single defendant's offer is at least 80% of the total damages determined.

[R. 4:58-4 (emphasis added).]
While we disagree with Trump that the words "recovery," "determination," and "awarded" were intended by the Civil Practice Committee and the Court to encompass the concept of a judgment, the word "damages," as now used in § 4, has an indisputable connotation. It is universally recognized as representing the court or jury's assessment of the value of a plaintiff's claim without consideration of prejudgment interest and taxed costs. In our view, the Court's acceptance of the Civil Practice Committee's decision not to change R. 4:58-3 indicates that the Court no longer feels that the application of the rule creates a paradox. More importantly, however, by approving the wording of the new section, the Court has accepted the notion that the threshold consideration for the assessment of fees and costs under the rule is the amount of damages awarded by a court or jury, not the amount of the judgment entered as a result of the verdict on damages.[2]
Affirmed.
NOTES
[1] We assume for the purpose of this opinion that Harvey's Deli is not a business entity separate and apart from Trump since Trump filed an answer on behalf of Harvey's Deli and the judgment was entered only against Trump.
[2] In considering the appropriate grammatical construction of the Rule we were fully cognizant of an alternative factual scenario that works against claimants under our construction of the Rule. For example, if the plaintiff in this case had obtained a jury verdict in the amount of $4740 (79% of the offer), the Rule would require that she pay costs, litigation expenses and attorney fees, irrespective of the fact that prejudgment interest and taxed costs would most likely add the necessary $60 to bring her within the requirement that the verdict be at least 80% of the offer. This scenario, or one similar to it, is more likely to occur than the one now before us. Indeed, a verdict as low as 65% of the offer may bring about the same result. Under such hypothetical circumstances, we would expect the arguments of counsel to be the exact opposite of the positions taken in this case. A plaintiff would want prejudgment interest and taxed costs added to the verdict in order to escape the sanction of the Rule, while a defendant would claim that the Rule addresses the verdict and not the judgment. We point the issue out simply to highlight the fact that when bright lines are drawn inequities may result from application of the Rule to peculiar facts. The Civil Practice Committee may want to reconsider the language of the Rule and decide whether the threshold for claimants should include prejudgment interest and taxed costs.